UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOLLAR RENT A CAR, INC., an
Oklahoma corporation, THRIFTY RENT A CAR, INC., an
Oklahoma corporation, and
THE HERTZ CORPORATION, a
Delaware corporation,

                          Plaintiffs,                   Case No.: 2:16-cv-363-FtM-29CM

v.

WESTOVER CAR RENTAL, LLC,
a Delaware limited liability company,
PHILIP R. MOOAR,
CARL P. PALADINO,
JOSEPH P. MOSEY, JR.
JOEL CASTLEVETERE,
ENRICO D'ABATE
and
MICHAEL G. DILLON,

                          Defendants.

_____

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE AND INCORPORATED MEMORANDUM OF LAW

      Defendants Westover Car Rental, LLC ("Westover"), Philip R. Mooar ("Mooar"),

Carl P. Paladino ("Paladino"), Joel Castlevetere ("Castlevetere"), Enrico D'Abate

("D'Abate") and Michael G. Dillon ("Dillon"), file their motion to dismiss the above

captioned action pursuant to Rule 12 (b)(2) of the Federal Rules of Civil Procedure for

lack of personal jurisdiction, and alternative motion to transfer venue, pursuant to 28

U.S.C. §1404 (a) and submit their Memorandum of Law in support thereof.[1]  In further support of their motion and alternative motion, defendants have filed the following exhibits:

Exhibit A - Affidavit of William Paladino, representative of corporate defendant Westover;

Exhibit B - Affidavit of Philip R. Mooar, individual guarantor defendant;

Exhibit C - Affidavit of Carl P. Paladino, individual guarantor defendant;

Exhibit D - Affidavit of Joel Castlevetere, individual guarantor defendant;

Exhibit E - Affidavit of Enrico D'Abate, individual guarantor defendant;

Exhibit F - Affidavit of Michael G. Dillon, individual guarantor defendant;

Exhibit G - Affidavit of Caitlin Krumm, manager of Dollar/Thrifty Car Rental Agency operated by corporate defendant Westover;

Exhibit H - Affidavit of Glenn Gawronski, accounting and administrative contractor for corporate defendant Westover.

## I.     **INTRODUCTION**

Defendants seek dismissal of plaintiffs' complaint based on lack of personal jurisdiction, or alternatively seek transfer of venue to the United States District Court for the Western District of New York, Buffalo Division ("Western District of New York"). Each of the moving defendants have submitted an affidavit stating in substance that they are not subject to personal jurisdiction in the State of Florida by virtue of any provisions

---

[1] Defendant Joseph P. Mosey, Jr. is deceased and to defendants' knowledge neither he nor any legal representative of his has been served with process in this action.

of the Florida long-arm jurisdiction statute,§48.193, Fla. Stat.  The plaintiffs' primary assertion is that the defendants are subject to personal jurisdiction in this Court by virtue of certain clauses contained in contracts signed by defendants pursuant to which they are alleged to have consented to personal jurisdiction in the State of Florida and specifically in the Federal District Court where plaintiffs maintain their principal place of business. *See*, Complaint at ¶¶12, 13, 15, 16, 17 (DE #1).  This is in fact the only basis set forth in the complaint for personal jurisdiction against the individual moving defendants Mooar, Paladino, Castlevetere, D'Abate and Dillon.  For the reasons contained herein below, the consent to jurisdiction provisions in the subject contracts are insufficient as a matter of law to confer personal jurisdiction over the moving defendants.

Plaintiffs also allege that defendant Westover is subject to personal jurisdiction because "it has engaged in actions (u.g., submitting royalties and reports to Florida) that constitute sufficient contacts with the State of Florida."  *See*, Complaint at ¶12 (DE #1). In support of this motion, defendants have submitted the affidavits of Caitlin Krumm (Exhibit G) and Glenn Gawronski (Exhibit H) stating directly under oath that defendant Westover did not submit payments or reports to the State of Florida, but rather to Tulsa, Oklahoma, as directed by the plaintiffs.  For the reasons set forth herein below, the plaintiffs' assertion that this Court may exercise personal jurisdiction over defendant Westover, a Delaware limited liability company with its principal place of business in Buffalo, New York and having no contacts with the State of Florida, is wholly without merit.

-3-

## II.   **THE CONTRACTUAL CLAUSES**

The particular forum selection/consent to jurisdiction provisions cited by plaintiffs in their complaint are insufficient as a matter of law to confer jurisdiction over defendants in this Court and in the State of Florida.[2]  The relevant contractual provisions are as follows:

### A.   **DOLLAR LICENSE AGREEMENT** (DE #1, Att. #1)

Section 24.2 of the Dollar Licensing Agreement provides as follows:

> ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT OR OTHERWISE ARISING BETWEEN US OR OUR AFFILIATES AND YOU AS A RESULT OF ANY ACT OR OMISSION RELATED TO THE OPERATION OF THE LICENSED BUSINESS SHALL BE BROUGHT EXCLUSIVELY IN THE OKLAHOMA STATE COURTS OF COMPETENT SUBJECT MATTER JURISDICTION SITTING IN TULSA COUNTY, OKLAHOMA, OR IN THE UNITED STATES DISTRICT COURT IN THE FEDERAL DISTRICT IN WHICH THE CITY OF TULSA IS LOCATED OR IN THE STATE OR FEDERAL DISTRICT COURT WHERE THE PRINCIPAL PLACE OF BUSINESS OF DOLLAR IS LOCATED IF DIFFERENT FROM THE ABOVE.  YOU HEREBY IRREVOCABLY WAIVE ANY OBJECTIONS WHICH YOU MAY NOW OR HEREAFTER HAVE TO THE PERSONAL JURISDICTION OR VENUE OF ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE AGREEMENT, BROUGHT IN SUCH COURTS, AND HEREBY FURTHER IRREVOCABLY WAIVE ANY CLAIM THAT SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM . . .

---

[2] Plaintiffs assert in their complaint that their principal place of business is at 8501 Williams Road, Estero, Florida.  *See*, Complaint at ¶¶ 1, 2, 3 (DE #1).

*See*, Complaint, ¶15; Exhibit A to Complaint, §24.2 at pp. 23-24.

Section 24.1 of the Dollar Licensing Agreement states that all relevant matters arising out of the agreement shall be determined in accordance with and governed by the laws of the State of Oklahoma.  *See*, Exhibit A to Complaint, §24.1 at p. 23 (DE #1, Att. #1).

**B.     DUAL FRANCHISING AGREEMENT** (DE #1, Att. #2)

Section 19 of the Dual Franchising Agreement provides as follows:

> ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS AMENDMENT OR OTHERWISE ARISING BETWEEN THE PARTIES AS A RESULT OF ANY ACT OR OMISSION RELATED TO THE OPERATION OF THE BUSINESS UNDER THE LICENSE AGREEMENTS OR THIS AMENDMENT SHALL BE BROUGHT EXCLUSIVELY IN THE OKLAHOMA STATE COURTS OF COMPETENT SUBJECT MATTER JURISDICTION SITTING IN TULSA COUNTY, OKLAHOMA, OR IN THE UNITED STATES DISTRICT COURT IN THE FEDERAL DISTRICT IN WHICH THE CITY OF TULSA IS LOCATED OR IN THE STATE OR FEDERAL DISTRICT COURT WHERE THE PRINCIPAL PLACE OF BUSINESS OF DOLLAR OR THRIFTY IS LOCATED IF DIFFERENT FROM THE ABOVE. LICENSEE AND OWNER HEREBY IRREVOCABLY WAIVE ANY OBJECTIONS WHICH THEY MAY NOW OR HEREAFTER HAVE TO THE PERSONAL JURISDICTION OR VENUE OF ANY SUIT, ACTION OR PROCEEDING, ARISING OUT OF OR RELATING TO THIS AGREEMENT, BROUGHT IN SUCH COURTS, AND HEREBY FURTHER IRREVOCABLY WAIVE ANY CLAIM THAT SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM . . .

*See*, Complaint at ¶16; Exhibit B to Complaint, §19 at p. 8.

Section 18 of the Dual Franchising Agreement states that all relevant matters

-5-

arising out of the agreement shall be determined in accordance with and governed by the laws of the State of Oklahoma.  *See*, Exhibit B to Complaint, §18 at p. 8 (DE #1, Att. #2).

      **C.**     **REVISED PERSONAL GUARANTY FORM** (DE #1, Att. #3)

The revised form of personal guaranty relied upon by plaintiffs provides as follows:

> ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS GUARANTY AGREEMENT SHALL BE BROUGHT EXCLUSIVELY IN THE OKLAHOMA STATE COURTS OF COMPETENT SUBJECT MATTER JURISDICTION SITTING IN TULSA COUNTY, OKLAHOMA, OR IN THE UNITED STATES DISTRICT COURT IN THE FEDERAL DISTRICT IN WHICH THE CITY OF TULSA IS LOCATED OR IN WHICH THE PRINCIPAL PLACE OF BUSINESS OF DOLLAR [THRIFTY] IS LOCATED IF DIFFERENT FROM THE ABOVE.  THE UNDERSIGNED HEREBY IRREVOCABLY WAIVE ANY OBJECTIONS WHICH THEY MAY NOW OR HEREAFTER HAVE TO THE PERSONAL JURISDICTION OR VENUE OF ANY SUIT, ACTION OR PROCEEDING, ARISING OUT OF OR RELATING TO THIS GUARANTY AGREEMENT, BROUGHT IN SUCH COURTS, AND HEREBY FURTHER IRREVOCABLY WAIVE ANY CLAIM THAT SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.  THE PARTIES HEREBY FURTHER IRREVOCABLY WAIVE ANY RIGHT TO A JURY TRIAL IN ANY ACTION ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT OR ANY OTHER AGREEMENT WITH US OR OUR AFFILIATES OR OTHERWISE ARISING BETWEEN US OR OUR AFFILIATES.

*See*, Complaint at ¶17; Exhibit C to Complaint at p. 2.

The Revised Personal Guaranty Form also states that all relevant matters arising out of the guaranty shall be construed in accordance with and governed by the laws of the

State of Oklahoma.  *See*, Exhibit C to Complaint at p. 2 (DE #1, Att. #3).

**D.    OTHER AGREEMENTS**

Exhibit D annexed to the complaint is a Thrifty Rent-A-Car System, Inc. License Agreement for Vehicle Rental, Leasing & Parking dated March 31, 2006 (DE #1, Att. #4).  Exhibit E annexed to the plaintiffs' complaint is a Vehicle Purchase Participation Agreement dated July 31, 2015 between defendant Westover Car Rental, LLC and plaintiff The Hertz Corporation (DE #1, Att. #5).  Neither of these agreements contains a forum selection clause or consent to jurisdiction clause relevant to this motion.

**MEMORANDUM OF LAW**

**III.    THE STANDARD FOR PERSONAL JURISDICTION**

The requirement that federal courts have personal jurisdiction over the litigants before them arises from "an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, (1985) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945)). "[W]here the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Liste v. Cedar Fin.*, No. 13 CV 3001, 2015 U.S. Dist. LEXIS 12498, at *9 (M.D. Fla. Feb. 3, 2015), quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F. 3d 1210, 1217 (11th. Cir. 2009). In determining the propriety of jurisdiction, the Court may take the plaintiff's alleged facts as true only to the extent that they are uncontroverted by the defendant's affidavits.

*Hoechst Celanese Corp. vs. Nylon Engineering Resis, Inc.*, 896 F. Supp. 1190, 1192 (M.D. Fla. 1995).

Florida law requires that this Court undertake a two-part analysis to determine whether personal jurisdiction exists over a non-resident defendant. *Horizon Aggressive Growth v. Rothstein-Cass*, 421 F.3d 1162, 1166 (11th Cir. 2005). First, the Court must evaluate the jurisdiction under the Florida long-arm statute §48-193, Fla. Stat. *J.B. Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F.Supp.2d 1363, 1365 (S.D. Fla. 1999). Second, the Court must consider whether sufficient minimum contacts exist to satisfy the due process clause of the Fourteenth Amendment of the United States Constitution. *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)). Both prongs of the analysis must be satisfied before this Court can exercise personal jurisdiction over a non-resident defendant. *See*, *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996).

## IV.   THE CONSENT TO JURISDICTION CLAUSES ARE INEFFECTIVE BECAUSE THE CONTRACTS FAIL TO COMPLY WITH §685.102, FLA. STAT.

Plaintiffs allege that defendants are subject to specific jurisdiction in Florida by virtue of certain clauses contained in contracts signed by defendants under which they are alleged to have consented to personal jurisdiction specifically in the Federal District Court in the district where plaintiffs maintain their principal place of business. *See*, Complaint at ¶¶12, 13, 15, 16, 17 (DE #1). Those contract clauses are set forth hereinabove at Section II of this motion. Plaintiffs are clearly referencing that part of

Florida's long-arm jurisdiction statute, §48.193(1)(a)(9), Fla. Stat., which confers specific

personal jurisdiction over non-Florida residents who enter into a contract that complies

with §685.102, Fla. Stat.  Section 685.102, Jurisdiction, provides in pertinent part as

follows:

> (1)    Notwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside the state, if <u>the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside the state agrees to submit to the jurisdiction of the courts of this state.</u>  (emphasis supplied).

Section 685.101, Choice of Law, provides in pertinent part as follows:

> (1)    The parties to any contract, agreement or undertaking, contingent or otherwise, in consideration of or relating to the obligation arising out of a transaction involving in the aggregate not less than $250,000, the equivalent thereof in any foreign currency or services or tangible or intangible property or both, of equivalent value, including a transaction otherwise covered by s. 671.105(1), may, to the extent permitted under the United States Constitution, <u>agree that the law of this state will govern such contract, agreement or undertaking, the effect thereof and their rights and duties thereunder,</u> in whole or in part, whether or not such contract, agreement or undertaking bears any relation to this state.  (emphasis supplied).

Read together, the two sections stand for the proposition that, if certain

requirements are met, parties may by contract alone confer personal jurisdiction on the

Courts of Florida. *Jetbroadband WV, LLC v. MasTec N. Am., Inc.*, 13 So.3d 159, 162 (Fla. 3d DCA 2009). However, to satisfy the statutory requirements, the contract must (1) include a choice of law provision designating Florida law as the governing law, (2) include a provision whereby the non-resident defendant agrees to submit to the jurisdiction of the Courts of Florida, (3) involve consideration of not less than $250,000, (4) not violate the United States Constitution, and (5) have at least one of the parties be resident of Florida or incorporated under its laws. *Id*.

The contracts relied upon by plaintiffs in the complaint fail to satisfy the requirements of §685.102, Fla. Stat., because none of them includes a choice of law provision designating Florida law as the governing law. To the contrary, §24.2 of the Dollar Rent A Car, Inc. License Agreement, §19 of the Dual Franchising Agreement and the Revised Personal Guaranty all provide for the laws of the State of Oklahoma to be the governing law, not Florida. Thus, these contracts are insufficient as a matter of law to confer personal jurisdiction over the defendants in Florida.

In addition, it is not clear from the plaintiffs' complaint that this action involves consideration of not less than $250,000. The complaint specifies actual damages of "at least $123,216.91, together with interest, attorneys' fees and costs." *See*, Complaint, Prayer for Relief at p. 15 (DE #1). The complaint alleges certain additional unspecified damages, but there is no basis other than speculation for this Court to determine that the

action involves "consideration of not less than $250,000" as required by §§685.101 and 102, Fla. Stat.

## V.   FLORIDA'S LONG-ARM JURISDICTION STATUTE: §48.193, FLA. STAT., DOES NOT CONFER JURISDICTION OVER DEFENDANTS

The Florida long-arm statute, which is embodied in § 48.193, Fla. Stat., contemplates two types of jurisdiction: (1) specific jurisdiction, where the claim arises out of the defendant's commission of certain enumerated acts within the forum state (*see* §48.193(1)(a)(1)-(8)); or (2) general jurisdiction, where the defendant is deemed to be subject to jurisdiction based on his being engaged in "substantial and not isolated activity" within the state, regardless of whether the claim arises from that activity (*see* §48.193(2)).

**No Basis for Personal Jurisdiction is Alleged Against the Individual Defendants**

As an initial matter, defendants point out that plaintiffs have not asserted any basis for personal jurisdiction against the individual moving defendants Mooar, Paladino, Castlevetere, D'Abate and Dillon other than based upon the consent to jurisdiction clause in the Revised Personal Guaranty Form discussed hereinabove at Section III, C of this motion.  Nor does the plaintiffs' complaint contain any allegations of any actions or contacts of any kind linking any of those individual moving defendants to the forum state of Florida.  The liability asserted against the individual defendants in the complaint is strictly as guarantors of liabilities and conduct of the corporate defendant Westover.  None of the individual defendants are alleged in the complaint to have done anything in an individual capacity giving rise to any liability.  Therefore, based upon the lack of any

allegation in the complaint sufficient to confer jurisdiction, and based upon the affidavits filed by the individual moving defendants, there is no basis for personal jurisdiction over them under §48.193, Fla. Stat.

### The Contacts Alleged as to Westover are Insufficient

Plaintiffs specify the alleged bases for personal jurisdiction over defendant Westover at paragraph 12 of the complaint as follows:

> 12.    This Court has personal jurisdiction over Defendant Westover because it has engaged in actions (e.g., submitting royalties and reports to Florida) that constitute sufficient contacts with the State of Florida and it consented in the applicable agreements to personal jurisdiction in this Court.

See, Complaint at ¶12 (DE #1).

Plaintiffs' allegations are factually incorrect.  Defendants have submitted the affidavit of Caitlin Krumm, the manager of the Dollar/Thrifty Car Rental Agency operated by defendant Westover in Buffalo, New York (Exhibit G).  In her affidavit, Ms. Krumm states in substance, under oath, that Westover did not send any reports or payments to Florida.  Payments for license fees, etc., were made through a separate accounting office and those payments were made to an address in Tulsa, Oklahoma pursuant to invoices rendered by plaintiffs.  See, Exhibit G at ¶5.  Defendants have also filed the affidavit of Glenn Gawronski, who is employed by the independent corporation which performed accounting and administrative work for defendant Westover (Exhibit H).  Mr. Gawronski states, under oath, that any payments made by defendant Westover were made pursuant to invoices rendered by plaintiffs periodically and payments were

remitted to plaintiffs at the address specified in Tulsa, Oklahoma. Representative copies of invoices and payment remittance stubs are annexed as Exhibit A to Mr. Gawronski's affidavit. *See*, Exhibit H at ¶3.

Regarding the allegation of reports sent by Westover to Florida, Ms. Krumm's affidavit states, under oath, that Westover did assemble certain information to be used by the plaintiffs' corporate offices for billings to corporate customers, but that work was done in Buffalo, New York, and sent to an e-mail address.  It was Ms. Krumm's understanding that the recipients of any e-mails were people working for plaintiffs at the operations center in Tulsa, Oklahoma.  No reports were mailed to Florida.  *See*, Exhibit G at ¶¶ 5 and 6.  The foregoing constitutes proof in admissible form that directly refutes the allegations made in the plaintiffs' unverified pleading.  Based upon the foregoing, the plaintiffs' assertion of personal jurisdiction should be rejected as factually without merit.

For the reasons that follow, even if true, the contacts alleged by plaintiffs in the complaint between defendant Westover and the State of Florida are insufficient as a matter of law to subject Westover to personal jurisdiction under Florida's long-arm statute.

 Section 48.193 (1)(a)(1), Fla. Stat., confers specific jurisdiction upon non-resident defendants who are "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state". To invoke jurisdiction over defendant Westover under this subsection, plaintiffs must satisfy two critical elements.  First, they must establish that the activities of Westover,

considered collectively, show a general course of business activity in the state for

pecuniary benefit. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir.

1996).  This requires a more substantial connection with the forum than the "minimum

contacts" necessary to satisfy the due process clause of the Fourteenth Amendment.  *See*,

*Utility Trailer Manufacturing Co., v. Cornett*, 526 So.2d 1064, 1066 (Fla. 1st DCA

1988). Second, plaintiffs must establish a substantial causal connection between

plaintiffs' causes of action and Westover's business activities in Florida.  *See*, *Sun Trust*

*Bank v. Sun Int'l. Hotels, Ltd.*, 184 F.Supp.2d 1246, 1269 (S.D. Fla. 2001).  Florida's

requirement in this regard sets a higher standard than that which is required under most

other jurisdictions' long-arm statutes.  *New Lenox Industries, Inc. v. Fenton*, 510

F.Supp.2d 893, 902 (M.D. Fla. 2007).

Defendant Westover has never had an office in Florida, has never conducted

business in Florida, and has never otherwise maintained any presence in the State.  All of

its business activities, viewed as a whole, have taken place within Western New York, as

contemplated under the subject contracts annexed to the complaint.  In connection with

this motion, defendant Westover has filed the affidavit of William Paladino, its

representative, as proof in admissible form that except for being formed under the laws of

Delaware, all of Westover's business contacts and activities are exclusively with the State

of New York.  *See*, Exhibit A.  Westover's business consists of renting cars and parking

cars in the Western New York area.  Westover has engaged in no activities in Florida in

connection with the subject contracts annexed to the complaint and therefore cannot be

characterized as having engaged in a "general course of business activity in the state for pecuniary gain."

Subsections 48.193 (1)(a)(2), (3), (4), (5) and (8) clearly have no application in this action.  Plaintiffs have not alleged any of the acts described in those subsections.  The complaint does not contain any allegations of specific facts that could implicate any of those provisions of the statute as a basis for jurisdiction against Westover, or the individual guarantor defendants.  Moreover, the moving defendants have all filed affidavits containing proof in admissible form that they have done none of the things that would subject them to jurisdiction under these subsections.

There is no basis for personal jurisdiction under §48.193(1)(a)(7), Fla. Stat., which confers jurisdiction for "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." The plaintiffs' complaint alleges that Westover has breached various of the contracts which are the subject of the complaint and which are annexed thereto.  However, there is no allegation in the complaint that any of the alleged breaches occurred within the State of Florida.

Nor does the complaint allege that there are any acts that any defendant failed to perform that were required by any of the subject contracts to be performed in the State of Florida.  The complaint does allege that defendants have failed to pay money to the plaintiffs allegedly due under the terms of the subject contacts, but both the complaint and the contracts themselves are silent concerning where any payments that may be due to the plaintiffs are to be paid.  The invoices annexed to the affidavit of Glenn Gawronski direct

that payments be sent to Tulsa, Oklahoma.  *See*, Exhibit H at ¶3.

Moreover, it is settled law in Florida that the mere failure to pay money in Florida, standing alone, will not suffice to obtain jurisdiction over a non-resident defendant. *Venetian Salami Co. v. Parthenais*, 54 So.2d 499, 503 (1989); *Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc.*, 615 So.2d 249 (1993).  It is also settled law that a contract alone is not sufficient to establish minimum contacts with a forum state so as to allow a non-resident defendant to be sued therein.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985); *Alan Richard Textiles, Ltd. v. Vertilux, Inc.*, 627 So.2d 529, 530 (Fla.3d DCA 1993); *see also*, *O'Brien Glass Co. v. Miami Wall Systems, Inc.*, 645 So.2d 142, 144 (Fla.3d DCA 1994) (holding that Illinois corporation that purchased goods from a Florida manufacturer lacked sufficient minimum contacts with Florida where purchaser did not conduct business in Florida and only contact was that payment was due in Florida).  In this case, none of the contracts upon which plaintiffs rely establish Florida as the place that payment is due.  The plaintiffs' own invoices state otherwise.  Accordingly, based upon the foregoing, the allegations in the plaintiffs' complaint that defendants breached any or all of the subject contracts provide no basis for personal jurisdiction under §48.193 (1)(a)(7), Fla. Stat.

The plaintiffs' complaint also fails to demonstrate that any of the defendants are subject to personal jurisdiction under §48.193(1)(a)(6), Fla. Stat., for causing injury to persons or property within the State of Florida arising out of an act or omission outside of the state.  In order for jurisdiction to attach under that section, the defendants must have

either been engaged in solicitation or service activities within the State of Florida, or products, materials or things processed, serviced or manufactured by the defendants must have been used or consumed within the state in the ordinary course of commerce. *See*, §48.193 (1)(a)(6), Fla. Stat. In this case, review of the complaint and the annexed agreements upon which plaintiffs rely makes clear that none of the defendants have been involved in any way in processing, servicing or manufacturing any products to be used anywhere, let alone in the State of Florida. Moreover, plaintiffs do not allege anywhere that defendants were engaged in solicitation or service activities within the state. The affidavit of William Paladino, managing member of Westover, would conclusively refute any such allegation in any event. *See*, Exhibit A at ¶9. The proof on this motion establishes that none of the defendants ever had any business presence or conducted any business activities within the State of Florida. Accordingly, §48.193(1)(a)(6), Fla. Stat. provides no basis for asserting personal jurisdiction in this Court.

## VI.     THE EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANTS DOES NOT COMPORT WITH DUE PROCESS

Assuming *arguendo* the defendants were within the reach of Florida's long-arm statute, the Court would still have to determine whether its exercise of personal jurisdiction would comport with due process. The due process analysis is a two-step inquiry: (1) the court must establish whether a defendant had the requisite minimum contacts in the State of Florida, *Sculptchair*, 94 F.3d at 630, and; (2) the court must determine if exercising personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." *International Shoe Co.*, 66 S.Ct. at 160.

-17-

Florida's long-arm statute is not co-extensive with minimum contacts required by due process. *Venetian Salami*, 554 So.2d at 500. Where a defendant has not established "minimum contacts" within the forum state, a bare allegation that the defendant is subject to the long-arm statute is insufficient to confer personal jurisdiction because the constitutional requirements of due process are not satisfied. *Venetian Salami Co.*, 554 So.2d at 502.

Minimum contacts implicate a three part analysis. First, contacts must relate to the cause of action or have given rise to it. Second, the contacts must involve some purposeful availment of the privilege of conducting business and other activities within the State of Florida. Lastly, the defendants' contacts with the state must be such that they should reasonably anticipate being haled into court there. *Sculptchair*, 94 F.3d at 631. The "constitutional touchstone" of the minimum contacts analysis is whether the defendants' conduct and connection with the forum state are such that they should reasonably anticipate being haled into court there. *Burger King Corp.*, 471 U.S. at 474. The terms of the parties' contracts and their actual course of dealing must be evaluated in determining whether the defendants purposefully established minimum contacts with the State of Florida. *Id.* at 475.

The affidavits filed in support of this motion demonstrate that Westover has not purposefully availed itself of the privileges of conducting business within the State of Florida, and that Westover's contacts with the state are not such that it should reasonably anticipate being haled into court there. While the plaintiffs' complaint alleges at

-18-

paragraph 12 that defendant Westover "has engaged in actions (e.g., submitting royalties and reports to Florida) that constitute sufficient contacts with the State of Florida," defendant Westover has filed the sworn affidavits of William Paladino (Exhibit A), Caitlin Krumm (Exhibit G) and Glenn Gawronski (Exhibit H) that the allegation in the unverified complaint is untrue.   Payments made by Westover due under the terms of the subject contracts were sent to Tulsa, Oklahoma.   Reports made by Westover under the terms of the subject contracts were sent to e-mail addresses of persons presumed by defendant Westover to be in Tulsa, Oklahoma.

Even if the e-mails described in the Caitlin Krumm affidavit were in fact sent to individuals who happened to be located in the State of Florida, that would in no way establish sufficient minimum contacts to subject defendant Westover to personal jurisdiction.   E-mails do not have any physical address and they are not purposefully directed to any particular location.   E-mails are sent by people to people, wherever those people happen to be when the e-mail is delivered and when opened.   It has been judicially recognized that "[t]he connection between the place where an email is opened and a lawsuit is entirely fortuitous," and "as a practical matter, email does not exist in any location at all."   *Advanced Tactical Ordinance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802-03 (7th Cir. 2014).

In *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the Supreme Court emphasized that "for a state to exercise jurisdiction consistent with due process, the defendants' suit-related conduct must create a substantial connection with the forum state." *Walden*, 134

S.Ct. at 1121.  The analysis looks to the defendants' contacts with the forum itself, not the defendants' contacts with persons who fortuitously happen to reside there.  *Walden*, 134 S.Ct at 1122-23.  Accordingly, the ultimate question is, has defendant Westover somehow targeted the forum state of Florida, as opposed to individual parties in that forum?  *See*, *Walden*, *supra* at 1122; *International Shoe*, *supra* at 319.  The answer is no.

The letters annexed to plaintiffs' complaint as Exhibits F through I (DE #1, Att. #6-10) are insufficient to establish sufficient minimum contacts between Westover and the State of Florida for the reasons set forth by the Supreme Court in *Walden*.  The letters do not mention any conduct within the State of Florida.  To the contrary, the letters are focused on the operations of defendant Westover's car rental and car parking businesses under the subject license agreements in Erie, Niagara and Monroe Counties, all located in Western New York.  The only reference to Florida in any of the letters are invitations by plaintiffs' representative to hold a meeting in person at plaintiffs' headquarters in Estero, Florida (*see*, Complaint, Exhibits G and I (DE #1, Att. #7 and 9).  Those invitations were rejected by defendant Westover ("I have no intention of meeting with you").  *See*, Complaint, Exhibit J (DE #1, Att. #10).  There is nothing in these letters to indicate any purposeful availment on the part of Westover of the privileges of conducting business within the State of Florida.  No business was ever conducted by Westover in Florida.  The correspondence annexed to the plaintiffs' complaint does not establish sufficient minimum contacts between defendant Westover and the State of Florida to satisfy the due process clause of the Fourteenth Amendment.

The subject contracts upon which plaintiffs rely make no reference whatsoever to the State of Florida. In fact the word "Florida" does not appear in any one of the agreements annexed to the plaintiffs' complaint. Based upon the foregoing, and based upon the contents of the defendants' sworn affidavits, defendant Westover could not have reasonably anticipated being haled into this Court in the State of Florida to defend against claims of wrongdoing that occurred, if at all, in Western New York.

To determine whether the exercise of personal jurisdiction over defendants would comport with traditional notions of fairplay and substantial justice, this Court should consider the burden on the defendants, the interests of the forum in adjudicating the dispute, and the plaintiffs' interest in obtaining relief within the State of Florida. *Sculptchair*, F.3d at 631 (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S.Ct. 1026 (1987)).

Litigating the instant case in Florida poses a substantial burden on the defendants, who all reside and do business in Western New York State. Florida has a marginal, if any, interest in adjudicating this dispute arising out of contracts that were negotiated, executed and performed almost exclusively during the period of time when plaintiffs Dollar and Thrifty resided in Tulsa, Oklahoma. None of the plaintiffs are incorporated under the laws of the State of Florida. Review of the complaint and of the contract documents annexed thereto and relied upon by plaintiffs demonstrates that the business of Westover took place exclusively within Erie, Niagara and Monroe counties, all in Western New York. Assuming the veracity of the allegations in the complaint, it would

be New York State, not Florida, that has the interest in regulating the business activities

of its residents.  Lastly, because minimum contacts have not been established by

plaintiffs, their own interests cannot justify the serious burdens placed on the defendants.

*Umbach v. Mercator Momentum Fund, LP*, 2007 WL 2915910 at *7 (S.D.Fla. 2007); *see*

*also*, *Asahi*, 480 U.S. at 114.

## MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NEW YORK, BUFFALO DIVISION

As an alternative to dismissal, this Court should transfer the instant action to the

Western District of New York, pursuant to 28 U.S.C. §1404.  Section 1404 (a) provides:

> For the convenience of the parties and witnesses, and in the
> interest of justice, a district court may transfer any civil action
> to any other district court or division where it might have
> been brought.

Transfer pursuant to 28 U.S.C. §1404 (a) is within the discretion of the Court.  *DelMonte*

*Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F.Supp.2d 1271, 1281 (S.D. Fla. 2001).

In determining a motion to transfer, the court must first determine whether the action may

have been brought in the proposed transferee court.  Once this threshold determination is

made, the court then considers various factors to determine whether the proposed venue is

more convenient.  *Id.* These factors include: (1) convenience of the parties; (2)

convenience of the witnesses; (3) relative ease of access to sources of proof (4)

availability of service of process to compel unwilling witnesses; (5) cost of obtaining the

presence of witnesses; and (6) the public interest. *Delmonte Fresh Produce Co. v. Dole*

*Food Co., Inc.*, 136 F. Supp. 2d 1271, 1282 (S.D. Fla. 2001).

-22-

I.      **THE INSTANT ACTION COULD HAVE BEEN BROUGHT IN THE
        DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK,
        BUFFALO DIVISION**

Whether the instant case might have been brought in the proposed transferee court

depends on whether the defendants are subject to personal jurisdiction in that court,

whether venue is appropriate there, and whether defendants are amenable to service of

process in New York.  *Garay v. Electronics*, 755 F.Supp. 1010 (M.D. Fla. 1991).

Subject matter jurisdiction in the instant case is premised upon diversity of

citizenship pursuant to 28 U.S.C. §1332.  The same basis for subject matter jurisdiction is

available to plaintiffs in the Western District of New York.  Defendants are all residents

of the State of New York and defendant Westover has its principal place of business in

Buffalo, New York.  There is no doubt that defendants are all subject to personal

jurisdiction in New York, venue lies within that forum and service of process is proper

there.  Consequently, this action could have been commenced in the Western District of

New York.

II.     **THE CONVENIENCE OF THE PARTIES SUPPORTS TRANSFER TO
        NEW YORK**

The convenience of the parties weighs heavily in favor of litigating the instant

case in New York.  The complaint makes clear that the operative facts all occurred within

the three counties in Western New York where defendant Westover conducted all of its

business operations.  The individual moving defendants, whose only liability, if any, is as

guarantors of defendant Westover, would be significantly inconvenienced by having to

litigate this action in Florida, over a 1,000 miles from their homes in Western New York.

Defendant Westover, whose only place of business was ever located in Western New York, would be similarly inconvenienced.  By contrast, plaintiffs Dollar, Thrifty and Hertz clearly have significant business operations in the State of New York and would not be similarly inconvenienced.  The convenience of the parties is clearly enhanced by litigating this case in the forum where the alleged wrongdoing occurred and where the individual moving defendants reside.

## III.   CONVENIENCE OF WITNESSES/EASE OF ACCESS TO SOURCES OF PROOF

It follows that since all of defendants' activities occurred in the Western New York area, all documents, physical evidence and witnesses would also be found there. All of the activity alleged in the complaint occurred in Western New York, if at all, where the documents, records, witnesses and other evidence in connection with all of defendants' activities are located.

## IV.   PUBLIC INTEREST

Because the wrongdoing, if any, alleged in the complaint all took place in the Western New York area, New York has a much greater public interest in adjudicating the claims raised in this matter than does the State of Florida.  If, as alleged at paragraph 53 of the complaint (DE #1), some conduct by defendant Westover resulted in car rental customers learning that their reservations would not be honored only after they showed up to rent the vehicles in New York State, then clearly the State of New York and not Florida would have an interest in adjudicating that claim.

-24-

## CONCLUSION

Based upon the foregoing, defendants respectfully request that this Court dismiss plaintiffs' complaint for lack of personal jurisdiction, or, in the alternative, transfer this case to the District Court for the Western District of New York, Buffalo Division, pursuant to 28 U.S.C. §1404 (a), together with such other relief as to the Court seems just and proper.

Respectfully submitted,

**BLANK ROME LLP**

*Attorneys for Defendants - Westover Car Rental, LLC, Philip R. Mooar, Carl P. Paladino, Joel Castlevetere, Enrico D'Abate and Michael G. Dillon*

By: ___/s/ Richard E. Berman_____
Richard E. Berman
Florida Bar No.: 254908
Jose R. Riguera
Florida Bar No.: 860905
500 E. Broward Boulevard - Suite 2100
Fort Lauderdale, FL 33394
Telephone:  (954) 512-1836
Fax:          (954) 512-1787
E-Service: BocaEservice@blankrome.com
Jberman@blankrome.com
Jriguera@blankrome.com
Mmogel@blankrome.com

Joseph E. Zdarsky, Esq. (*pro hac vice*)
Patrick A. Dudley, Esq. (*pro hac vice*)
**ZDARSKY, SAWICKI & AGOSTINELLI LLP**
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202
Telephone:  (716) 855-3200
Fax:          (716) 855-3101
E-Service:   jzdarsky@zsa.cc
                  pdudley@zsa.cc

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on

September 26, 2016, by transmission of Notices of Electronic Filing generated by

CM/ECF on all counsel or parties of record on the Service List Below.

**BLANK ROME LLP**

By:____/s/ Richard E. Berman_____

### SERVICE LIST

**Sent via Notice of Electronic Filing:**

Fredrick H.L. McClure, Esq.
fredrick.mcclure@dlapiper.com
J. Trumon Phillips, Esq.
trumon.phillips@dlapiper.com
DLA PIPER LLP (US)
100 North Tampa Street, Suite 2200
Tampa, Florida 33602-5809

Barry M. Heller (*pro hac vice*)
barry.heller@dlapiper.com
DLA PIPER LLP (US)
11911 Freedom Drive, Suite 300
Reston, VA 20190