UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOLLAR RENT A CAR, INC., an Oklahoma corporation, THRIFTY RENT-A-CAR SYSTEM, INC., an Oklahoma corporation, and THE HERTZ CORPORATION, a Delaware Corporation,

    Plaintiffs,

v.                                      Case No: 2:16-cv-363-FtM-29CM

WESTOVER CAR RENTAL, LLC, a Delaware limited liability company, PHILIP R. MOOAR, CARL P. PALADINO, JOSEPH P. MOSEY, JR. , JOEL CASTLEVETERE, ENRICO D'ABATE, and MICHAEL G. DILLON,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Complaint (Doc. #1) filed on May 12, 2016, which the Court reviewed to ensure the existence of federal subject matter jurisdiction.[1] The Complaint avers that the Court has subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) because there is complete

---

[1] If the Court determines "at any time" that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. (Id. ¶ 11.)

The existence of complete diversity is insufficiently supported by the allegations in the Complaint. First, Defendant Westover Car Rental, LLC (Westover) is a limited liability company, meaning it is a citizen of all states of which its members – whether individual or corporate – are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). However, Plaintiffs have not stated the identity and citizenship of Westover's members, as required. Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ., 463 F. App'x 862, 863 n.1 (11th Cir. 2012) (per curiam). Additionally, with respect to the six named individual defendants, Plaintiffs have alleged only that each resides in New York. (Id. ¶¶ 5-10.) "[C]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see also Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough. Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. And domicile requires both residence in a state and an intention to remain there indefinitely." (citations omitted)).

Accordingly, the Court must dismiss the Complaint for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1653, Plaintiffs may amend the Complaint to properly allege jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Complaint (Doc. #1) is **dismissed** without prejudice for lack of subject matter jurisdiction. Plaintiffs may file an Amended Complaint within **SEVEN (7) DAYS** of this Order.

2. Defendants' pending Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Transfer Venue (Doc. #23) is **denied as moot** without prejudice to refile.

**DONE AND ORDERED** at Fort Myers, Florida, this 1st day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record