UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOLLAR RENT A CAR, INC., an
Oklahoma corporation, THRIFTY RENT A CAR, INC., an
Oklahoma corporation, and
THE HERTZ CORPORATION, a
Delaware corporation,

        Plaintiffs,        Case No.: 2:16-cv-363-FtM-29CM

v.

WESTOVER CAR RENTAL, LLC, a
Delaware limited liability company,
PHILIP R. MOOAR,
CARL P. PALADINO,
JOSEPH P. MOSEY, JR.
JOEL CASTLEVETERE,
ENRICO D'ABATE, and
MICHAEL G. DILLON,

        Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE AND INCORPORATED MEMORANDUM OF LAW**

    Defendants Westover Car Rental, LLC ("Westover"), Philip R. Mooar ("Mooar"), Carl P. Paladino ("Paladino"), Joel Castlevetere ("Castlevetere"), Enrico D'Abate ("D'Abate") and Michael G. Dillon ("Dillon"), file their motion to dismiss Plaintiffs' First Amended Complaint (the "Complaint") [DE 35] pursuant to Fed.R.Civ.P. 12 (b)(2) for lack of personal jurisdiction, and alternative motion to transfer venue, pursuant to 28 U.S.C. §1404 (a), and submit their Memorandum

–1–

of Law in support thereof.[1]

## INTRODUCTION

Defendants seek dismissal of the Complaint for lack of personal jurisdiction, or alternatively seek transfer of venue to the United States District Court for the Western District of New York, Buffalo Division ("Western District of New York"). Each of the moving Defendants has submitted an affidavit stating in substance that they are not subject to personal jurisdiction in the State of Florida by virtue of any provisions of the Florida long-arm jurisdiction statute, §48.193, Fla. Stat. The primary basis asserted by Plaintiffs for the exercise of personal jurisdiction over Defendants is that they allegedly consented to jurisdiction in this Court by virtue of certain forum selection clauses contained in several contracts they signed. See, Complaint at ¶¶12, 13, 15, 16, 17, and 19. This is, in fact, the **only** basis set forth in the Complaint to assert personal jurisdiction against the individual Defendants, Mooar, Paladino, Castlevetere, D'Abate and Dillon. For the reasons set forth below, the consent to jurisdiction provisions in the subject contracts are insufficient as a matter of law to confer personal jurisdiction over the moving Defendants.

Plaintiffs also allege that Defendant Westover is subject to personal jurisdiction because "it has engaged in actions (e.g., Westover placed orders for vehicles to Florida, sent letters terminating, and thereby breaching, the contracts at issue in this case to Florida, and had a manager attend a multi-day sales training program in Florida) that constitute sufficient contacts with the State of Florida." See, Complaint at ¶12. For the reasons set forth below, the alleged contacts on the part of Westover, a Delaware limited liability company with its principal place of business in Buffalo, New

---

[1] Defendant Joseph P. Mosey, Jr. is deceased and to Defendants' knowledge neither he nor any legal representative of his has been served with process in this action.

York, are insufficient to meet the requirements of the Florida long-arm statute, and further are insufficient to satisfy the due process requirements of the United States Constitution. Therefore, the Complaint should be dismissed for lack of personal jurisdiction.

## MEMORANDUM OF LAW

### I.   THE STANDARD FOR PERSONAL JURISDICTION REVIEW

The requirement that federal courts have personal jurisdiction over the litigants before them arises from "an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, (1985), quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945). "[W]here the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Liste v. Cedar Fin.*, No. 13 CV 3001, 2015 U.S. Dist. LEXIS 12498, at *9 (M.D. Fla. Feb. 3, 2015), quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th. Cir. 2009). In determining the propriety of jurisdiction, the Court may take the plaintiff's alleged facts as true only to the extent that they are uncontroverted by the defendant's affidavits. *Hoechst Celanese Corp. vs. Nylon Engineering Resis, Inc.*, 896 F. Supp. 1190, 1192 (M.D. Fla. 1995).

Plaintiffs allege that this Court has subject matter jurisdiction based upon diversity of citizenship. See, Complaint at ¶11. Therefore, personal jurisdiction is governed by Florida law, being the state law of the forum in which this Court sits. *Telemedia Communications, Inc. v. St. Francis Inv. Properties, LP*, No. 8:07-cv-1112-T-17-MAP, 2007 WL 4116052, at *1 (M.D. Fla. Nov. 16, 2007).

Florida law requires that this Court undertake a two-part analysis to determine whether personal jurisdiction exists over a non-resident defendant. *Horizon Aggressive Growth v. Rothstein-Cass*, 421 F.3d 1162, 1166 (11th Cir. 2005). First, the Court must evaluate the jurisdiction under the Florida long-arm statute, §48.193, Fla. Stat. <u>See</u> *J.B. Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F.Supp.2d 1363, 1365 (S.D. Fla. 1999). The Florida long-arm statute contemplates two types of jurisdiction: (1) specific jurisdiction, where the claim arises out of the defendant's commission of certain enumerated acts within the forum state (<u>see</u> §48.193(1)(a)(1)-(8)); or (2) general jurisdiction, where the defendant is deemed to be subject to jurisdiction based on his being engaged in "substantial and not isolated activity" within the state, regardless of whether the claim arises from that activity (<u>see</u> §48.193(2)).

Second, the Court must consider whether sufficient minimum contacts exist to satisfy the due process clause of the Fourteenth Amendment of the United States Constitution. *Id*. <u>citing</u> *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). Both prongs of the analysis must be satisfied before this Court can exercise personal jurisdiction over a non-resident defendant. <u>See</u>, *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996).

## II.   THE PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION OVER ANY OF THE DEFENDANTS UNDER THE FLORIDA LONG-ARM STATUTE

### A.   No Personal Jurisdiction Exists Under §48.193(a)(9), Fla. Stat. Because The Consent To Jurisdiction Clauses Fail To Comply With §685.102, Fla. Stat. and Are Therefore Ineffective

Plaintiffs allege that Westover and the individual Defendants[2] are all subject to specific

---

[2] As stated above, this is the sole basis for jurisdiction alleged as to the individual Defendants. In any event, it is abundantly clear that the individual Defendants, who reside in the State of New York, lack any meaningful contacts with the State of Florida that would subject them to jurisdiction in this state. See Affidavit of Philip R. Mooar, attached as **Exhibit B**; Affidavit of Carl P. Paladino, attached as **Exhibit C;** Affidavit of Joel Castlevetere, attached as **Exhibit D;**

jurisdiction in Florida by virtue of certain clauses contained in contracts signed by Defendants under which they are alleged to have consented to personal jurisdiction specifically in the Federal District Court in the district where Plaintiffs maintain their principal place of business. See, Complaint at ¶¶12, 13, 15, 16, 17, and 18. Plaintiffs are clearly referencing §48.193 (1)(a)(9), Fla. Stat., that part of Florida's long-arm jurisdiction statute which confers specific personal jurisdiction over non-Florida residents who enter into a contract that complies with §685.102, Fla. Stat., which provides in pertinent part as follows:

> (1)  Notwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside the state, if <u>the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside the state agrees to submit to the jurisdiction of the courts of this state.</u> (emphasis supplied).

Section § 685.101, provides in pertinent part as follows:

> (1)  The parties to any contract, agreement or undertaking, contingent or otherwise, in consideration of or relating to the obligation arising out of a transaction involving in the aggregate not less than $250,000, the equivalent thereof in any foreign currency or services or tangible or intangible property or both, of equivalent value, including a transaction otherwise covered by s. 671.105(1), may, to the extent permitted under the United States Constitution, <u>agree that the law of this state will govern such contract, agreement or undertaking, the effect thereof and their rights and duties thereunder,</u> in whole or in part, whether or not such contract, agreement or undertaking bears any relation to this state.

---

Affidavit of Enrico D'Abate, attached as **Exhibit E;** and Affidavit of Michael G. Dillon, attached as **Exhibit F**.

(emphasis supplied).

Read together, these two sections stand for the proposition that, if certain requirements are met, parties may by contract alone confer personal jurisdiction on the Courts of Florida. *Jetbroadband WV, LLC v. MasTec N. Am., Inc.*, 13 So. 3d 159, 162 (Fla. 3d DCA 2009). However, to satisfy the statutory requirements, the contract must (1) include a choice of law provision designating Florida law as the governing law, (2) include a provision whereby the non-resident defendant agrees to submit to the jurisdiction of the Courts of Florida, (3) involve consideration of not less than $250,000, (4) not violate the United States Constitution, and (5) have at least one of the parties be resident of Florida or incorporated under its laws. *Id*.

As will be demonstrated below, the contracts containing the forum selection clauses upon which Plaintiffs rely to satisfy the requirements of §685.102, Fla. Stat., are insufficient because none of them includes a choice of law provision designating Florida law as the governing law. To the contrary, the contracts designate Oklahoma law as the governing law.

The specific forum selection clauses/consent to jurisdiction provisions cited by Plaintiffs in the Complaint are as follows:

### 1.    Dollar License Agreement

Section 24.2 of the Dollar Licensing Agreement provides as follows:

> ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT OR OTHERWISE ARISING BETWEEN US OR OUR AFFILIATES AND YOU AS A RESULT OF ANY ACT OR OMISSION RELATED TO THE OPERATION OF THE LICENSED BUSINESS SHALL BE BROUGHT EXCLUSIVELY IN THE OKLAHOMA STATE COURTS OF COMPETENT SUBJECT MATTER JURISDICTION SITTING IN TULSA COUNTY, OKLAHOMA, OR IN THE UNITED STATES DISTRICT COURT IN THE FEDERAL DISTRICT IN WHICH

THE CITY OF TULSA IS LOCATED OR IN THE STATE OR FEDERAL DISTRICT COURT WHERE THE PRINCIPAL PLACE OF BUSINESS OF DOLLAR IS LOCATED IF DIFFERENT FROM THE ABOVE. YOU HEREBY IRREVOCABLY WAIVE ANY OBJECTIONS WHICH YOU MAY NOW OR HEREAFTER HAVE TO THE PERSONAL JURISDICTION OR VENUE OF ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE AGREEMENT, BROUGHT IN SUCH COURTS, AND HEREBY FURTHER IRREVOCABLY WAIVE ANY CLAIM THAT SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM . . .

See, Complaint, ¶15; **Exhibit A** to Complaint, §24.2 at pp. 23-24.

Section 24.1 of the Dollar Licensing Agreement states that all relevant matters arising out of the agreement shall be determined in accordance with and governed by the laws of the State of Oklahoma. See, **Exhibit A** to Complaint, §24.1 at p. 23

### 2.    Dual Franchising Agreement

Section 19 of the Dual Franchising Agreement provides as follows:

ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS AMENDMENT OR OTHERWISE ARISING BETWEEN THE PARTIES AS A RESULT OF ANY ACT OR OMISSION RELATED TO THE OPERATION OF THE BUSINESS UNDER THE LICENSE AGREEMENTS OR THIS AMENDMENT SHALL BE BROUGHT EXCLUSIVELY IN THE OKLAHOMA STATE COURTS OF COMPETENT SUBJECT MATTER JURISDICTION SITTING IN TULSA COUNTY, OKLAHOMA, OR IN THE UNITED STATES DISTRICT COURT IN THE FEDERAL DISTRICT IN WHICH THE CITY OF TULSA IS LOCATED OR IN THE STATE OR FEDERAL DISTRICT COURT WHERE THE PRINCIPAL PLACE OF BUSINESS OF DOLLAR OR THRIFTY IS LOCATED IF DIFFERENT FROM THE ABOVE. LICENSEE AND OWNER HEREBY IRREVOCABLY WAIVE ANY OBJECTIONS WHICH THEY MAY NOW OR HEREAFTER HAVE TO THE PERSONAL JURISDICTION OR VENUE OF ANY SUIT, ACTION OR PROCEEDING, ARISING OUT OF OR RELATING TO THIS AGREEMENT, BROUGHT IN SUCH

> COURTS, AND HEREBY FURTHER IRREVOCABLY WAIVE
> ANY CLAIM THAT SUCH SUIT, ACTION OR PROCEEDING
> BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN
> AN INCONVENIENT FORUM . . .

See, Complaint at ¶16; Exhibit B to Complaint, §19 at p. 8.

Section 18 of the Dual Franchising Agreement states that all relevant matters arising out

of the agreement shall be determined in accordance with and governed by the laws of the State of

Oklahoma. See, Exhibit B to Complaint, §18 at p. 8.

### 3.    Revised Personal Guaranty Form

The revised form of personal guaranty relied upon by Plaintiffs provides as follows:

> ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS
> GUARANTY AGREEMENT SHALL BE BROUGHT EXCLUSIVELY
> IN THE OKLAHOMA STATE COURTS OF COMPETENT SUBJECT
> MATTER JURISDICTION SITTING IN TULSA COUNTY,
> OKLAHOMA, OR IN THE UNITED STATES DISTRICT COURT IN
> THE FEDERAL DISTRICT IN WHICH THE CITY OF TULSA IS
> LOCATED OR IN WHICH THE PRINCIPAL PLACE OF BUSINESS
> OF DOLLAR [THRIFTY] IS LOCATED IF DIFFERENT FROM THE
> ABOVE. THE UNDERSIGNED HEREBY IRREVOCABLY WAIVE
> ANY OBJECTIONS WHICH THEY MAY NOW OR HEREAFTER
> HAVE TO THE PERSONAL JURISDICTION OR VENUE OF ANY
> SUIT, ACTION OR PROCEEDING, ARISING OUT OF OR
> RELATING TO THIS GUARANTY AGREEMENT, BROUGHT IN
> SUCH COURTS, AND HEREBY FURTHER IRREVOCABLY WAIVE
> ANY CLAIM THAT SUCH SUIT, ACTION OR PROCEEDING
> BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN
> INCONVENIENT FORUM. THE PARTIES HEREBY FURTHER
> IRREVOCABLY WAIVE ANY RIGHT TO A JURY TRIAL IN ANY
> ACTION ARISING OUT OF OR IN CONNECTION WITH THIS
> AGREEMENT OR ANY OTHER AGREEMENT WITH US OR OUR
> AFFILIATES OR OTHERWISE ARISING BETWEEN US OR OUR
> AFFILIATES.

See, Complaint at ¶17; Exhibit C to Complaint at p. 2.

–8–

The Revised Personal Guaranty Form also states that all relevant matters arising out of the guaranty shall be construed in accordance with and governed by the laws of the State of Oklahoma. *See*, Exhibit C to Complaint at p. 2.

Because each of the contracts that contain forum selection clauses provide for the laws of the State of **Oklahoma** (not Florida) to be the governing law, the requirements of the Florida long-arm statute are not satisfied and personal jurisdiction cannot attach on that basis. See *PHD@western, LLC v. Rudolf Construction Partners, LLC*, No. 16-80097-CIV-KAM, 2016 WL 5661637, at *3 (S.D. Fla. Sep. 30, 2016) (stating that the requirements of §48.193(1)(a)(9) and §685.102, Fla. Stat. were not satisfied where the parties consented to personal jurisdiction in Florida but selected Virginia law to apply to the contract).

In an effort to side-step this fatal flaw, Plaintiffs point to the Vehicle Purchase Participation Agreement entered into between Hertz and Westover (the "VPPA"). Importantly, neither Dollar nor Thrifty are parties to that agreement. The VPPA does contain a Florida choice of law provision, but does not contain a forum selection clause. By citing to the VPPA, Plaintiffs essentially ask this Court to rewrite the agreements between the parties to  insert the Florida choice of law provision contained in the VPPA into each of the other agreements which select Oklahoma law, and thereby cobble together personal jurisdiction over the Defendants. The Court should reject this request which is not supported by the applicable law.

Florida courts strictly interpret the requirements of the Florida long-arm statute. See *Elandia International, Inc. v. Koy*, 690 F.Supp.2d 1319, 1327 (S.D. Fla. 2010); *Rexam Airspray, Inc. v. Arminak*, 471 F.Supp.2d 1292, 1298 (S.D. Fla. 2007). Defendants are unaware of any authority that

would authorize the loose interpretation suggested Plaintiffs that would permit combining separate portions of independent agreements, involving different parties, to satisfy the explicit requirements of the Florida long-arm statute. Furthermore, it is well settled that a court must conduct its personal jurisdiction inquiry as to each defendant separately, and for specific jurisdiction analysis, as to each claim separately. *KVAR Energy Sav., Inc. v. Tri-State Energy Solutions, LLP*, No., 6:08-cv-85-Orl-19KRS, 2009 WL 103645, at *13 (M.D. Fla. Jan. 15, 2009); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (explaining that a court should "review personal jurisdiction as it relates to each defendant separately"); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006) ("A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim."); *Joseph v. Chanin*, 869 So. 2d 738, 740–41 (Fla. 4th DCA 2004) (affirming decision of trial court that treated personal jurisdiction as a claim-by-claim inquiry). To the extent Plaintiffs seek to rely on the VPPA (to which only Hertz, and no other Plaintiff, is a party) to extend jurisdiction as to claims relating to all the other agreements, such reliance is improper.

Plaintiffs' reliance on §48.193 (1)(a)(9), Fla. Stat. is further flawed because it is not clear from the Complaint that this action involves consideration of not less than $250,000. The Complaint specifies actual damages of "at least $123,216.91, together with interest, attorneys' fees and costs." See, Complaint, Prayer for Relief at p. 17. The Complaint alleges certain additional unspecified damages, but there is no basis other than speculation for this Court to determine that the action involves "consideration of not less than $250,000" as required by §§685.101 and 102, Fla. Stat.

**B.      No Personal Jurisdiction Exists Over Westover Under §48.193(a)(1)-(8), Fla. Stat.**

Plaintiffs fail to allege anywhere in the Complaint which specific section of the Florida long-arm statute they rely upon to meet the first prong of the personal jurisdiction analysis. Evidently recognizing the absence of any general or systematic activities on the part of Westover in the State of Florida, Plaintiffs cite only a few isolated contacts to support their assertion of personal jurisdiction. Specifically, Plaintiffs allege that "Westover placed orders for vehicles to Florida, sent letters terminating, and thereby breaching, the contracts at issue in this case to Florida, and had a manager attend a multi-day sales training program in Florida." See Complaint at ¶12. As demonstrated below, these limited contacts, even if true, are insufficient as a matter of law to subject Westover to personal jurisdiction under the Florida long-arm statute. Defendant Westover has never had an office in Florida, has never conducted business in Florida, and has never otherwise maintained any presence in this State. All of Westover's business contacts and activities are exclusively with the State of New York, including its business activities relative to the subject contracts annexed to the Complaint. Westover's business consists of renting cars and parking cars in the Western New York area. See Affidavit of William Paladino, as representative of Westover, attached as **Exhibit A** and Affidavit of Caitlin Krumm, attached as **Exhibit G**. Furthermore, the cars that Westover did purchase pursuant to the VPPA were purchased from states other than Florida. See the Affidavit of Enrico D'Abate attached as **Exhibit I**, In short, Westover has engaged in no activities in Florida in connection with the subject contracts annexed to the complaint and therefore cannot be characterized as having engaged in a "general course of business activity in the state for pecuniary gain."

–11–

The Complaint does allege that Defendants have failed to pay money to the Plaintiffs allegedly due under the terms of the subject contacts, but both the Complaint and the contracts themselves are silent concerning where any payments that may be due to the Plaintiffs are to be paid.[3] Moreover, while Plaintiff's alleged in their original Complaint (and also argued in their Memorandum of Law in Opposition to Defendants' Motion to Dismiss) that Defendants were subject to jurisdiction in Florida because they sent certain payments into this state, they have omitted those allegations from the First Amended Complaint. In any event, as demonstrated in the Affidavit of Enrico D'Abate attached as **Exhibit I**, Westover did not sent any payments regarding the purchase of vehicles to Florida, but rather to the dealers in Colorado and Minnesota who sold the vehicles.

It is settled law in Florida that a contract alone is not sufficient to establish minimum contacts with a forum state so as to allow a non-resident defendant to be sued therein. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985); *Alan Richard Textiles, Ltd. v. Vertilux, Inc.*, 627 So. 2d 529, 530 (Fla. 3rd DCA 1993); *see also*, *O'Brien Glass Co. v. Miami Wall Systems, Inc.*, 645 So. 2d 142, 144 (Fla. 3rd DCA 1994) (holding that Illinois corporation that purchased goods from a Florida manufacturer lacked sufficient minimum contacts with Florida where purchaser did not conduct business in Florida and only contact was that payment was due in Florida). Furthermore, the mere failure to pay money in Florida, standing alone, will not suffice to obtain jurisdiction over a non-resident defendant. *Venetian Salami Co. v. Parthenais*, 54 So. 2d 499, 503 (1989); *Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc.*, 615 So. 2d 249 (1993).

---

3 Although the invoices annexed to the affidavit of Glenn Gawronski direct that payments be sent to Tulsa,

–12–

Plaintiffs' contention that Westover is subject to personal jurisdiction in Florida because it allegedly breached a contract in Florida is insufficient to establish personal jurisdiction as a matter of law. The plain language of the Florida long-arm statute states that it covers defendants alleged to have "[b]reach[ed] a contract in this state by failing to perform acts **required by the contract** to be performed in this state." § 48.193(1)(a)(7), Fla. Stat. (Emphasis added). The Eleventh Circuit has interpreted this section[4] to mean that "there must exist a duty to perform an act **in Florida**; a contractual duty to tender performance to a Florida resident is not in itself sufficient to satisfy the statute." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1218–19 (11th Cir. 1999) (emphasis added). Furthermore, the cases make it clear that "the contract itself must require performance in Florida." *Flight Source Intern. Inc. v. Carolex Air, LLC*, 8:08-CV-00739-JDW-MAP, 2008 WL 4643319, at *4 (M.D. Fla. Oct. 20, 2008), quoting *Travel Opps. of Ft. Lauderdale, Inc. v. Walter Karl List Mgmt., Inc.*, 726 So. 2d 313, 314 (Fla. 4th DCA 1998) (holding that the defendant was not subject to jurisdiction under this section of the long-arm statute where the sparse, three paragraph contract that was silent as to the place of performance and the defendant could have performed outside of Florida); *KVAR Energy Sav., Inc. v. Tri-State Energy Solutions, LLP*, No., 6:08-cv-85-Orl-19KRS, 2009 WL 103645, at * 13 (M.D. Fla. Jan. 15, 2009) (long-arm statute was not satisfied where the contract did not require performance in Florida).

The Complaint does not allege that there are any acts that any Defendant failed to perform that were required by any of the subject contracts to be performed in the State of Florida. The VPPA,

Oklahoma. See, Affidavit of Glenn Gawronski, attached as **Exhibit H** at ¶3.
4 *Posner* and the decisions following it were actually interpreting § 48.193(1)(g), the version of the long-arm statute that was in effect at the time, but which contained language identical to the present version applicable to this case.

which is also silent as to the place of performance, by its terms expressly prohibits any orders of vehicles. At paragraph 1, the VPPA states that "Hertz and Licensee shall mutually agree in writing regarding the number, make and model of vehicles to be allocated to Licensee under a vehicle supply agreement. **Licensee shall not submit orders to the vehicle manufacturer unless such written mutual agreement is reached**" (emphasis added). The VPPA is only an agreement to agree in the future regarding vehicle orders and the terms thereof. Whatever orders and/or payments for vehicles that may have been made by Westover were not made pursuant to the VPPA, but pursuant to a separate written vehicle supply agreement which has not been produced by Plaintiffs and which is not a part of this lawsuit. Westover was not obligated or even permitted to make orders or payments under the VPPA, in Florida or anywhere else. Moreover, as substantiated in the Affidavit of Enrico D'Abate attached as **Exhibit I**, Westover was not required to make any payment directly to Hertz, and therefore the failure to do so cannot constitute the breach of an obligation required to be performed in this state.

## III.    THE EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANTS DOES NOT COMPORT WITH DUE PROCESS

Even assuming *arguendo* the Fefendants are were within the reach of Florida's long-arm statute, the Court would still have to determine whether its exercise of personal jurisdiction would comport with due process. The due process analysis is a two-step inquiry: (1) the court must establish whether a defendant had the requisite minimum contacts in the State of Florida, *Sculptchair*, 94 F.3d at 630, and; (2) the court must determine if exercising personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." *International Shoe Co.*, 66 S.Ct. at 160.

Florida's long-arm statute is not co-extensive with minimum contacts required by due process. *Venetian Salami*, 554 So. 2d at 500. Where a defendant has not established "minimum contacts" within the forum state, a bare allegation that the defendant is subject to the long-arm statute is insufficient to confer personal jurisdiction because the constitutional requirements of due process are not satisfied. *Venetian Salami Co.*, 554 So. 2d at 502.

Minimum contacts implicate a three part analysis. First, contacts must relate to the cause of action or have given rise to it. Second, the contacts must involve some purposeful availment of the privilege of conducting business and other activities within the State of Florida. Lastly, the defendants' contacts with the state must be such that they should reasonably anticipate being haled into court there. *Sculptchair*, 94 F.3d at 631. The "constitutional touchstone" of the minimum contacts analysis is whether the defendants' conduct and connection with the forum state are such that they should reasonably anticipate being haled into court there. *Burger King Corp.*, 471 U.S. at 474. The terms of the parties' contracts and their actual course of dealing must be evaluated in determining whether the defendants purposefully established minimum contacts with the State of Florida. *Id*. at 475.

The Defendants' affidavits filed in support of this motion establish that Westover has not purposefully availed itself of the privilege of conducting business in the State of Florida, and that Westover's contacts with this state are not such that it should reasonably anticipate being haled into court here.

In *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the Supreme Court emphasized that "for a state to exercise jurisdiction consistent with due process, the defendants' suit-related conduct must create

a substantial connection with the forum state." *Walden*, 134 S.Ct. at 1121. The analysis looks to the defendants' contacts with the forum itself, not the defendants' contacts with persons who fortuitously happen to reside there. *Walden*, 134 S.Ct at 1122-23. Accordingly, the ultimate question is, has Defendant Westover somehow targeted the forum state of Florida, as opposed to individual parties in that forum? *See*, *Walden*, *supra* at 1122; *International Shoe*, *supra* at 319. The answer is no.

The letters annexed to the Complaint as **Exhibits F through I** are insufficient to establish sufficient minimum contacts between Westover and the State of Florida for the reasons set forth by the Supreme Court in *Walden*. The letters do not mention any conduct within the State of Florida. To the contrary, the letters are focused on the operations of Westover's car rental and car parking businesses under the subject license agreements in Erie, Niagara and Monroe Counties, all located in Western New York. The only reference to Florida in any of the letters are invitations by Plaintiffs' representative to hold a meeting in person at Plaintiffs' headquarters in Estero, Florida <u>See</u>, Complaint, **Exhibits G and I**. Those invitations were rejected by Westover ("I have no intention of meeting with you"). <u>See</u>, Complaint, **Exhibit J**. There is nothing in these letters to indicate any purposeful availment on the part of Westover of the privileges of conducting business within the State of Florida. No business was ever conducted by Westover in Florida. The correspondence annexed to the Complaint does not establish sufficient minimum contacts between Westover and the State of Florida to satisfy the due process clause of the Fourteenth Amendment.

In fact, save for the Florida choice of law provision in the VPPA, none of the contracts annexed to the Complaint make any reference whatsoever to the State of Florida. Based upon the

foregoing, and based upon the contents of the Defendants' sworn affidavits, Westover could not have reasonably anticipated being haled into this Court in the State of Florida to defend against claims of wrongdoing that occurred, if at all, in Western New York.

To determine whether the exercise of personal jurisdiction over Defendants would comport with traditional notions of fair play and substantial justice, this Court should consider the burden on the Defendants, the interests of the forum in adjudicating the dispute, and the Plaintiffs' interest in obtaining relief within the State of Florida. *Sculptchair*, F.3d at 631 (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S.Ct. 1026 (1987)).

Litigating the instant case in Florida poses a substantial burden on the Defendants, who all reside and do business in Western New York State. Florida has a marginal, if any, interest in adjudicating this dispute arising out of contracts that were negotiated, executed and performed almost exclusively during the period of time when Plaintiffs Dollar and Thrifty resided in Tulsa, Oklahoma. None of the Plaintiffs are incorporated under the laws of the State of Florida. Review of the Complaint and of the contract documents annexed thereto and relied upon by Plaintiffs demonstrates that the business of Westover took place exclusively within Erie, Niagara and Monroe counties, all in Western New York. Assuming the veracity of the allegations in the Complaint, it would be New York State, not Florida, which has an interest in regulating the business activities of its residents. Lastly, because minimum contacts have not been established by Plaintiffs, their own interests cannot justify the serious burdens placed on the Defendants. *Umbach v. Mercator Momentum Fund, LP*, No. 07-22219-CIV, 2007 WL 2915910 at *7 (S.D.Fla. Oct. 5, 2007); see also, *Asahi*, 480 U.S. at 114.

–17–

IV.   **MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NEW YORK, BUFFALO DIVISION**

As an alternative to dismissal, this Court should transfer the instant action to the Western District of New York, pursuant to 28 U.S.C. §1404. Section 1404 (a) provides:

> For the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought.

Transfer pursuant to 28 U.S.C. §1404 (a) is within the discretion of the Court. *DelMonte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F.Supp.2d 1271, 1281 (S.D. Fla. 2001). In considering a motion to transfer, the court must first determine whether the action may have been brought in the proposed transferee court. Once this threshold determination is made, the court then considers various factors to determine whether the proposed venue is more convenient. *Id.* These factors include: (1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof (4) availability of service of process to compel unwilling witnesses; (5) cost of obtaining the presence of witnesses; and (6) the public interest. *Delmonte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1282 (S.D. Fla. 2001).

A.   **The Instant Action Could Have Been Brought In the District Court for the Western District of New York, Buffalo Division**

Whether the instant case might have been brought in the proposed transferee court depends on whether the Defendants are subject to personal jurisdiction in that court, whether venue is appropriate there, and whether Defendants are amenable to service of process in New York. *Garay v. Electronics*, 755 F.Supp. 1010 (M.D. Fla. 1991).

Subject matter jurisdiction in the instant case is premised upon diversity of citizenship

–18–

pursuant to 28 U.S.C. §1332. The same basis for subject matter jurisdiction is available to Plaintiffs in the Western District of New York. The individual Defendants are all residents of the State of New York and Defendant Westover has its principal place of business in Buffalo, New York. There is no doubt that Defendants are all subject to personal jurisdiction in New York, that venue lies within that forum, and that service of process is proper there. Consequently, this action could have been commenced in the Western District of New York.

### B.      The Convenience of the Parties Supports Transfer to New York

The convenience of the parties weighs heavily in favor of litigating the instant case in New York. The Complaint makes clear that the operative facts all occurred within the three counties in Western New York where Westover conducted all of its business operations. The individual Defendants, whose only liability, if any, is as guarantors of Westover, would be significantly inconvenienced by having to litigate this action in Florida, over a 1,000 miles from their homes in Western New York. Defendant Westover, whose only place of business was at all times located in Western New York, would be similarly inconvenienced. By contrast, Plaintiffs Dollar, Thrifty and Hertz clearly have significant business operations in the State of New York and would not be similarly inconvenienced. The convenience of the parties is clearly enhanced by litigating this case in the forum where the alleged wrongdoing occurred and where the individual Defendants reside.

### C.      Convenience of Witnesses/Ease of Access to Sources of Proof

It follows that since all of Defendants' activities occurred in the Western New York area, all documents, physical evidence and witnesses would also be found there. All of the activity alleged in the Complaint occurred in Western New York, if at all, where the documents, records, witnesses and

other evidence in connection with all of Defendants' activities are located.

### D.   Public Interest

Because the wrongdoing, if any, alleged in the complaint all took place in the Western New York area, New York has a much greater public interest in adjudicating the claims raised in this matter than does the State of Florida. If, as alleged at ¶ 56 of the complaint, some conduct by Defendant Westover resulted in car rental customers learning that their reservations would not be honored only after they showed up to rent the vehicles in New York State, then clearly the State of New York and not Florida would have an interest in adjudicating that claim.

The fact that the contracts between the parties contain a forum selection clause does not change the venue selection analysis. The clauses in those agreements provide that any action "…SHALL BE BROUGHT EXCLUSIVELY IN THE OKLAHOMA STATE COURTS OF COMPETENT SUBJECT MATTER JURISDICTION SITTING IN TULSA COUNTY, OKLAHOMA, OR IN THE UNITED STATES DISTRICT COURT IN THE FEDERAL DISTRICT IN WHICH THE CITY OF TULSA IS LOCATED OR IN THE STATE OR FEDERAL DISTRICT COURT WHERE THE PRINCIPAL PLACE OF BUSINESS OF [DOLLAR OR THRIFTY] IS LOCATED IF DIFFERENT FROM THE ABOVE." The clear meaning is that, assuming personal jurisdiction exists, an action may be brought only in the state which is home to the principal place of business of Plaintiffs Dollar/Thrifty. Plaintiffs have admitted at paragraphs 1 and 2 of the Complaint that their principal place of business is in Florida.

The forum selection clauses do not provide Dollar/Thrifty with any option in the matter. Where, as here, the principal place of business of Dollar/Thrifty is not in Oklahoma, then any action

–20–

by or against Dollar/Thrifty may only be maintained in the state that is home to their principal place of business. But for the lack of personal jurisdiction over the Defendants, that state would be Florida. Oklahoma is no longer a proper forum.

The foregoing interpretation is wholly consistent with the federal case law interpreting such clauses. See, *Enforceability of Floating Forum Selection Clauses*, 39 ALR 6th 629 (2008). Virtually all of the reported cases regarding "floating forum selection clauses" involve agreements containing assignment clauses and providing that the exclusive forum for any action shall be in the home state of the lessor or the home state of an assignee of the lessor. See, e.g., *Lyon Financial Services, Inc. v. Will H. Hall & Son Builders, Inc.*, No. Civ.04-4383 ADM/AJB, 2005 WL 503371 (D. Minn. Mar. 4, 2005). As explained by the United States District Court in *Lyon Financial Services*:

> Defendants argue that because the "floating venue" provision allows the forum to change upon assignment of the Lease, the clause does not designate one exclusive forum. The "floating venue" provision, however, does not nullify the clause. Under the Lease, only one forum is proper at any given time – the state in which the lessor is located. Although that state may indeed change upon assignment of the Lease, it does not give the lessor or assignee freedom to choose its forum. Rather, it must bring suit in its home state. *Id*. at *4.

It is settled law in the Eleventh Circuit that the interpretation of forum selection clauses is governed by ordinary principles of contract construction. *Global Satellite Communication Co. v. Starmill UK Limited*, 378 F.3d 1269 (11th Cir. 2004). Accordingly, if this Court determines that the forum selection clauses are ambiguous, such ambiguity is to be resolved against Plaintiffs, who drafted the subject agreements. *Id*. at 1271, see also, *Links Design, Inc. v. Lahr*, 731 F.Supp. 1535 (M.D. Fla. 1990) (if the clause is ambiguous, subject to opposing yet reasonable interpretation, the clause will be construed against the party who drafted it).

–21–

**CONCLUSION**

Based upon the foregoing, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction, or, in the alternative, transfer this case to the District Court for the Western District of New York, Buffalo Division, pursuant to 28 U.S.C. §1404 (a), together with such other relief as to the Court seems just and proper.

Respectfully submitted,

**BLANK ROME LLP**

*Attorneys for Defendants - Westover Car Rental, LLC, Philip R. Mooar, Carl P. Paladino, Joel Castlevetere, Enrico D'Abate and Michael G. Dillon*

By: _/s/ Jose R. Riguera_____
   Richard E. Berman
   Florida Bar No.: 254908
   Jose R. Riguera
   Florida Bar No.: 860905
   500 E. Broward Boulevard - Suite 2100
   Fort Lauderdale, FL 33394
   Telephone:  (954) 512-1836
   Fax:      (954) 512-1787
   E-Service:   BRFLEservice@blankrome.com
                Rberman@blankrome.com
                Jriguera@blankrome.com
                Mmogel@blankrome.com

Joseph E. Zdarsky, Esq. (*pro hac vice*)
Patrick A. Dudley, Esq. (*pro hac vice*)
**ZDARSKY, SAWICKI & AGOSTINELLI LLP**
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202
Telephone: (716) 855-3200
Fax:      (716) 855-3101
E-Service:  jzdarsky@zsa.cc
              pdudley@zsa.cc

–22–

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on December 20, 2016, by transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List Below.

**BLANK ROME LLP**

By  */s/ Jose R. Riguera*
Jose R. Riguera

## SERVICE LIST

**Sent via Notice of Electronic Filing:**

| | |
|---|---|
| Fredrick H.L. McClure<br>fredrick.mcclure@dlapiper.com<br>J. Trumon Phillips<br>trumon.phillips@dlapiper.com<br>DLA PIPER LLP (US)<br>100 North Tampa Street, Suite 2200<br>Tampa, Florida 33602-5809 | Barry M. Heller (*pro hac vice*)<br>barry.heller@dlapiper.com<br>DLA PIPER LLP (US)<br>11911 Freedom Drive, Suite 300<br>Reston, VA 20190 |