UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOLLAR RENT A CAR, INC., an
Oklahoma corporation,
THRIFTY RENT-A-CAR SYSTEM,
INC., an Oklahoma
corporation, and THE HERTZ
CORPORATION, a Delaware
Corporation,

    Plaintiffs,

v.                                    Case No: 2:16-cv-363-FtM-29CM

WESTOVER CAR RENTAL, LLC, a
Delaware limited liability
company, PHILIP R. MOOAR,
CARL P. PALADINO, JOEL
CASTLEVETERE, ENRICO
D'ABATE, and MICHAEL G.
DILLON,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Amended Complaint (Doc. #35) filed on December 8, 2016, which the Court reviews to ensure the existence of federal subject matter jurisdiction.[1]

The Amended Complaint avers that the Court has subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. (Id. ¶ 11.)

---

[1] If the Court determines "at any time" that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

The Court cannot agree. The three corporate plaintiffs are alleged to be citizens of Florida, Oklahoma, and/or Delaware, and the five individual defendants are alleged to be citizens of New York. The problem is that the citizenship of corporate defendant Westover Car Rental, LLC (Westover) is not properly alleged. The Amended Complaint asserts that, "[u]pon information and belief, all of the members of Westover, both individual and corporate, are citizens of New York." (Id. ¶ 5.) The facts alleged in the Amended Complaint regarding those members, however, are insufficient to show Westover's citizenship – specifically, that its citizenship does not include Florida, Oklahoma, or Delaware, as needed to establish that complete diversity exists.

As a limited liability company, Westover is a citizen of all states of which its members – including other LLCs - are citizens. Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). As the Eleventh Circuit recently observed,

> [c]itizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC. The simplest misstep has the potential to derail years of litigation and result in a massive financial sanction . . . . It is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case.

Purchasing Power, LLC, 851 F.3d at 1220.

A citizenship "factor tree" is present here. The Amended Complaint avers that Westover has two members: Philip Mooar, a New York citizen, and Genesee Car Rental, LLC (Genesee) a New York limited liability company. Genesee is itself alleged to have two members: 6956 Group, LLC (6956 Group) and Castle & Mosey IV, LLC (Castle & Mosey), both New York limited liability companies. The Amended Complaint does not, however, provide sufficient information about the members of 6956 Group or Castle & Mosey; it avers only that William Paladino, a citizen of New York, is believed to have a 25% membership stake in 6956 Group, and that Defendants' counsel has indicated "via email that no member has a connection to Florida." (Doc. #35, ¶ 5.) As such, Plaintiffs believe that "no member of 6956 Group, LLC or Castle & Mosey IV, LLC is incorporated in, has a principal place of business in, or is a citizen of Florida." (Id.)

Given the absence of information regarding the identity and citizenship of all the members of 6956 Group and Castle & Mosey – which could very well add new LLC "branches" to the "tree" - these allegations are insufficient to support the existence of federal subject matter jurisdiction. Moreover, even if the allegation of non-Florida citizenship proves true, it does not establish complete diversity of citizenship, because it does not address whether any members of 6956 Group and Castle & Mosey are citizens of Oklahoma or Delaware. Accordingly, the Court dismisses the

Amended Complaint for lack of subject matter jurisdiction.[2] See Lowery v. Alabama Power Co., 483 F.3d 1184, 1216-17 (11th Cir. 2007).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Amended Complaint (Doc. #35) is **dismissed** without prejudice for lack of subject matter jurisdiction.

2. Defendants' pending Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Transfer Venue (Doc. #36) is **denied** without prejudice **as moot**.

**DONE and ORDERED** at Fort Myers, Florida, this 21st day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[2] Plaintiffs' original Complaint (Doc. #1) was also dismissed for failure to adequately allege subject matter jurisdiction (Doc. #34).