UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOLLAR RENT A CAR, INC.,
THRIFTY RENT-A-CAR SYSTEM,
INC., and THE HERTZ
CORPORATION,

    Plaintiffs,

v.                                      Case No: 2:16-cv-363-FtM-29CM

WESTOVER CAR RENTAL, LLC, a
Delaware limited liability
company, PHILIP R. MOOAR,
CARL P. PALADINO, JOEL
CASTLEVETERE, ENRICO
D'ABATE, and MICHAEL G.
DILLON,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of plaintiffs' Motion to Forego Administrative Closure of Case and for Leave to File Amended Complaint Based on Limited Jurisdictional Discovery (Doc. #56) filed on April 21, 2017, in light of the Court's Opinion and Order (Doc. #55) dismissing the Amended Complaint without prejudice for lack of subject matter jurisdiction. Plaintiffs seek 45 days to conduct limited jurisdictional discovery to support subject matter jurisdiction, and for leave to file a Second Amended Complaint.

No response has been filed and the time to respond has expired. The Court notes that defendants contest personal

jurisdiction in the State of Florida, and alternatively sought to transfer venue before the dismissal of the Amended Complaint, and therefore have entered no formal appearance. (Doc. #36.)

For the reasons stated below, the Court declines to allow jurisdictional discovery under the auspices of this federal case. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, [ ] and the burden of establishing the contrary rests upon the party asserting jurisdiction [ ]." Kokkonen, 511 U.S. at 377 (internal citations omitted). "If the plaintiff fails to shoulder that burden, the case must be dismissed." Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1314 (11th Cir. 2016).

To carry this burden, plaintiff must set forth in its complaint "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The filing of a complaint certifies that the factual contentions have evidentiary support to the best of counsel's knowledge, information, and belief, formed after a reasonable inquiry. Fed. R. Civ. P. 11(b)(3). Here, there are no factual allegations which assert a basis for diversity jurisdiction, the only potential basis for federal jurisdiction in this case. The Court declines to allow

plaintiff to use the discovery mechanisms of federal court before it is even able to assert in good faith a basis for federal jurisdiction. Lowery v. Alabama Power Co., 483 F.3d 1184, 1216 (11th Cir. 2007).

The Court will grant plaintiffs the opportunity to amend, if they can in good faith allege a factual basis for subject matter jurisdiction. However, no jurisdictional discovery will be permitted at this stage of the proceedings. See, e.g., Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (Dismissal, without permitting jurisdictional discovery, is appropriate when the dismissal occurs before any discovery has been taken.).[1]

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Motion to Forego Administrative Closure of Case and for Leave to File Amended Complaint Based on Limited Jurisdictional Discovery (Doc. #56) is **GRANTED in part and DENIED in part**:

1. The motion to forego administrative closure of case is **denied** as the case was not closed, administratively or otherwise;

---

[1] No Case Management Report has been filed in this case. See Fed. R. Civ. P. 26(f); M.D. Fla. R. 3.05(c)(2)(B) ("a party may not seek discovery from any source before the [Rule 26(f)] meeting").

2. The motion for limited jurisdictional discovery is **denied**; and

3. The motion for leave to file amended complaint is **granted**. Plaintiffs may file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Order if they are able to do so. **The failure to file a second amended complaint will result in the closure of this case without further notice and without prejudice.**

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record